AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JOSE CHAVEZ-CUEVAS | ) | Case No. 8:22MJ1314 EAJ |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 1, 2022__ in the county of __Polk__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | An alien found in the United States without permission after removal subsequent to a misdemeanor conviction. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Brian M. Rossi, Border Patrol Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: April 1, 2022

_____
Judge's signature

City and state: Tampa, Florida

ELIZABETH A. JENKINS, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Border Patrol Agent Brian M. Rossi being duly sworn, hereby depose and state as follows:

1. I have been employed as a United States Border Patrol Agent with the United States Border Patrol since July 14, 1997. Since June 10, 2018, I have been assigned to the United States Border Patrol Station in Tampa, Florida as a Border Patrol Agent.

2. In my capacity as a Border Patrol Agent, I am charged with enforcing U.S. immigration laws, both administrative and criminal. I am a federal law enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint. The statements contained in this affidavit are based on my personal experiences and observations as well as those of other agents. This affidavit does not contain every fact regarding the investigation but does document the probable cause to charge **Jose CHAVEZ-Cuevas**, a native and citizen of Mexico, with being an alien found in the United States without permission after removal subsequent to a misdemeanor conviction, in violation of 8 U.S.C. § 1326(a).

## FACTS AND CIRCUMSTANCES

4. On April 1, 2022, personnel from the Polk County Jail (which is located within the Middle District of Florida) contacted me and advised that **Jose**

**CHAVEZ-Cuevas** was being released after completing a 36-month term of imprisonment following a conviction for Conspiracy to Traffic in Amphetamine (14g or more) (a Florida state felony) and Driving Without a Driver's License (a Florida state misdemeanor). At approximately 11:30 a.m., Border Patrol Agent Luis Santiago responded to the Polk County Jail where **CHAVEZ-Cuevas** admitted that he is a citizen of Mexico and that he illegally entered the United States. **CHAVEZ-Cuevas** also admitted that he had been deported previously.

5. I performed an immigration records check using the Enforce Alien Removal Module ("EARM"), an ICE centralized database that records all encounters between immigration officers and an alien who is undergoing deportation proceedings. Upon reviewing the EARM database, I determined that **CHAVEZ-Cuevas** is indeed a native and citizen of Mexico.

6. Through my review I also determined that **CHAVEZ-Cuevas** was ordered removed by U.S. Immigration Authorities on February 5, 2007, and removed on February 17, 2007. He subsequently re-entered the United States without permission and was ordered removed on November 4, 2010 and was again removed on December 15, 2010. He was thereafter arrested in the United States on December 29, 2010, was subsequently ordered removed and was removed from the United States.

7. **CHAVEZ-Cuevas** fingerprints and photo were taken and submitted through the Integrated Automated Fingerprint Identification System ("IAFIS") and

2

compared with those taken prior to his previous removals from the United States. The database indicates that the fingerprints are from the same person.

8. No information exists, either in the A-File or the computer databases including CIS, I-Dent, ASIS, showing that **CHAVEZ-Cuevas** has received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official to either reenter the United States after having been previously removed or to reapply for admission to the United States after having been previously removed.

## CONCLUSION

9. Based on the foregoing facts, I believe there is probable cause to establish that **CHAVEZ-Cuevas**, a citizen and national of Mexico, is an alien found in the United States without permission after removal subsequent to a misdemeanor conviction, in violation of 8 U.S.C. § 1326(a).

Brian M. Rossi
United States Border Patrol

Sworn to and subscribed before me
The 1st day of April 2022 in Tampa, Florida.

ELIZABETH A. JENKINS
United States Magistrate Judge

3